Edward J. Poulos, J.
In the instant case, we have a situation where, on two occasions, a man’s car was repossessed at a time that there were certain articles belonging to the plaintiff corporation locked in the vehicle. On one occasion, the articles were on the back seat and on the second occasion, the articles were in the trunk.
There is uncontradicted testimony that the vehicle was taken at the direct request of the defendant, Chrysler Credit Corp., and delivered to the defendant, Meritt Chrysler-Plymouth Inc., on both occasions in question.
It was further uncontradicted that on the first occasion the car was, in fact, repossessed between 3:30 a.m. and 7:00 a.m., on March 14, 1967, and on the second occasion, between 11:00 a.m. and 12 noon, on October 11,1967, when the articles in question were in the vehicle, that there were no signs or indications of forceable entry into the vehicle and that the articles belonging to the corporation disappeared between the time Mr. Ingolia last saw his vehicle, prior to the repossession and the time he picked the vehicle up at Meritt Chrysler-Plymouth Inc., on both occasions.
The testimony established that the articles of property that were in the car on the first repossession consisted of 3 regulators valued at $65.50 apiece and 1 cylinder valued at $62.
On the second repossession the article of property that was in the car consisted of a wet suit valued at $65.
1 ‘ Presumption ” is an inference of fact necessitated by the absence of evidence of an essential point. In this case there was no evidence of what happened to the property in question and the court must therefore indulge in a presumption in order to reach a decision.
Accepting the uncontradicted testimony of the witness Ingolia that on both occasions he left the property locked in his car, the court must choose between an inference that the property continued to remain in the car until it was seized by the agents of the defendants, or an inference that some unknown person *666 removed the property between the time Ingolia left the ear and the time defendants’ agents seized it, a matter of a few hours in each instance.
As a presumption is an inference drawn from other facts and circumstances it should be based on common principles of induction from usual experiences (Matter of Katz, 135 Misc. 861) and in this case the more reasonable inference is that the property continued to remain in the car until seized by the defendants’ agents.
It is incumbent on one who assails the validity of a presumption to come forth with evidence instead of another presumption (Matter of Tuttle, 234 App. Div. 1).
The presumption is not overcome by the mere denial by the defendants’ witnesses that the property was in the car when they seized it.
Let judgment enter for the plaintiff against the defendants in the amount of $258.50 on the first cause of action and $65 on the second cause of action for a total of $323.50.